IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| : | |
| v. : | CRIMINAL ACTION NO. |
| : | 1:99-CR-0660-JOF |
| MIGUEL DIAZ-SUASTEGUI, : | |
| : | |
| Defendant. : | |

**OPINION AND ORDER**

This matter is before the court on Petitioner's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 [33], and Petitioner's motion for leave to proceed *in forma pauperis* [35].

On April 20, 2000, Petitioner, Miguel Diaz-Sausegui, pled guilty to 28 U.S.C. 922(g), unlawful possession of a firearm by an illegal alien. Petitioner was sentenced on June 20, 2000, to twenty-seven months' incarceration to be followed by three years of supervised release. One of the conditions of the supervised release was that if Petitioner was deported, he would not be found in the United States illegally or violate the law.

On October 30, 2003, Petitioner pled guilty to 8 U.S.C. § 1326 (a) and (b)(2), reentry of deported aliens. On January 13, 2004, United States District Judge Julie E. Carnes sentenced Petitioner to forty-one months' incarceration for violation of 8 U.S.C. § 1326 (a)

AO 72A
(Rev.8/82)

and (b)(2). With regard to Petitioner's violation of his supervised release, the court departed from the recommended guidelines and sentenced Petitioner to twenty-four months, to be served consecutively to the forty-one months.

Petitioner appealed the departure from the guidelines in the district court's sentence of twenty-four months for violation of the supervised release. *United States v. Miguel Diaz-Saustegui* (Slip. Op.), at 2. On appeal, Petitioner contended that the district court abused its discretion when it imposed a sentence in excess of the range established in U.S.S.G. § 7B1.4. *Id.* While recognizing that the Chapter 7 sentencing guidelines are not binding on the district courts, he argued that courts may only vary from the Chapter 7 guidelines after the guidelines are genuinely considered. *Id.* The Court of Appeals affirmed the district court's sentence, finding that a review of the revocation hearing transcript "reveals that there was, at a minimum, some indication that the district court was aware of and considered the sentencing guidelines." The Court of Appeals found that there was no abuse of discretion. *Id.* at 4.

In the instant action, Petitioner "argues that the court abused it's [sic] discretion when it sentenced 'Diaz-Saustegui' above the recomended (sic) range of U.S.S.G. § 7B1.4 without expressly considering the chapter seven policy statements."[1]  "Once a matter has been decided

---

[1] The Petitioner included the following statements after his claim: "(1) This comment by the court was a reference to Mr. Diaz Sausteguis's (sic) original criminal sentence for which he violated the terms of his supervised release by reentering the country. (2) The aggregate sentence was comprised of the 41 month sentence for Illegal Reentry followed by a consecutive term of 24 months for violation of the terms of supervised release."  The court construes these statements to be facts in support of Petitioner's claim.

2

adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255." *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000). Thus, this issue, which was the crux of the Eleventh Circuit's review, is not subject to review on a section 2255 motion because it has already been raised and decided on direct appeal. Therefore, the court DENIES Petitioner's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 [33].

With his section 2255 motion, Petitioner submitted a motion to proceed *in forma pauperis*. However, there are no filing fees for a section 2255 proceedings. *See Anderson v. Singletary*, 111 F.3d 801, 806 (11th Cir. 1997) ("for a section 2255 proceeding, no filing fee is required"). Thus, the court DENIES as MOOT Petitioner's motion to proceed *in forma pauperis* [35].

**IT IS SO ORDERED** this 12th day of December 2005.

                           s/ J. Owen Forrester
                           J. OWEN FORRESTER
                           SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)